OPINION
{¶ 1} Defendant-appellant, Youthland Academy, Inc. ("Youthland"), appeals the decision of the Warren County Court of Common Pleas ordering the garnishment and distribution of funds. We affirm the decision of the trial court.
 {¶ 2} On January 31, 2001, Youthland borrowed $35,000 from Salvatore Laino ("Laino") and executed a promissory note and a security agreement. The promissory note recites that the loan funds are secured by a Bank One Certificate of Deposit ("CD"). The loan funds were used to secure a line of credit.
 {¶ 3} Youthland leased retail space and an adjoining playground from Kings Mill Center, LLC ("Kings Mill Centre"). Youthland failed to pay rent for a number of months. Kings Mill Centre brought an action for forcible entry and detainer and money damages in connection with the lease. A default judgment was entered on March 1, 2002 in the amount of $48,997.67. On November 22, 2002, Kings Mill Centre issued a garnishment order to Bank One seeking garnishment of any and all of Youthland's accounts. Bank One answered the affidavit stating that there were funds in a C.D. that were subject to the garnishment. Bank One transferred the C.D. funds to the trial court. The trial court ordered the funds distributed to Kings Mill Centre.
 {¶ 4} At the request of Youthland, a hearing was held on December 16, 2002. Youthland objected to the garnishment of the C.D. arguing that it had no equity in the C.D. based upon the loan, the promissory note, and the security agreement. Youthland argues that, as a result, no funds were available to be garnished by Youthland's creditors.
 {¶ 5} The trial court determined that Laino's loan and security agreement would not defeat the rights of a judgment creditor and the funds should therefore be distributed to Kings Mill Centre. Youthland appeals the decision raising a single assignment of error.
Assignment of Error
 {¶ 6} "The court erred when it entered an order for distribution of funds in a certificate of deposit that were subject to a prommissory note and loan and security agreement."
 {¶ 7} Youthland argues that the funds in the C.D. are not available for garnishment because they are the subject of a loan and security agreement in favor of someone other than the judgment creditor. Youthland maintains that legal title to the C.D. resides in Laino, the owner of the funds. Therefore, Youthland argues that it is the trustee of the funds and thus the C.D. is not available for attachment by a creditor of Youthland.
 {¶ 8} Garnishment is a procedure whereby a creditor can obtain property of his debtor which is in the possession of a third party. See R.C. 2716.01(B). R.C. 2716.11 provides: "A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor or the judgment creditor's attorney setting forth all of the following: (A) the name of the judgment debtor whose property, other than personal earnings, the judgment creditor seeks to garnish; (B) that the affiant has good reason to believe and does believe that the person named in the affidavit as the garnishee has property, other than personal earnings, of the judgment debtor that is not exempt under the law of this state of the United States; (C) a description of the property."
 {¶ 9} Kings Mill Centre obtained a default judgment against Youthland. On November 22, 2002, Kings Mill Centre issued a garnishment order to Bank One seeking garnishment of any and all of Youthland's accounts in compliance with R.C. 2716.11. Bank One answered the affidavit stating that funds in a C.D. were subject to the garnishment. Bank One transferred the funds to the trial court. R.C. 2329.66 provides a list of items exempt from garnishment. Youthland's C.D. does not fall within a listed exception. Therefore the C.D. funds were subject to garnishment and the funds were properly garnished.
 {¶ 10} Youthland argues that the existence of the security agreement is a valid ground for the trial court to deny the order of distribution. However, an unperfected interest is subordinate to that of a lien creditor whose lien attaches before the security interest is perfected. See R.C. 1309.317(A)(2). A certificate of deposit is an instrument that can be perfected by the filing of a financing statement or by possession. R.C. 1309.312(A). See, also, Jamison v. Scott NationalBank, 66 Ohio St.3d 201, 206, 1993-Ohio-167. Youthland and Laino presented no evidence that a financing statement was filed or that Laino had possession of the C.D. funds.
 {¶ 11} Therefore, Kings Mill Centre's judgment lien is superior in right to Laino's unperfected security interest. Thus, the trial court correctly determined that Laino's loan and security agreement would not defeat the rights of a creditor whose lien has attached. The garnishment and the order of distribution were both proper. Consequently, the sole assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.